IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERTD.ROBERTS,        *

    Plaintiff        *

        v.        *        Civil Action No. DKC-20-2897

SCOTT ADAMS, *Sheriff of Cecil County*, and        *
MAJOR ALLEN, *Director of Cecil County*
  *Detention Center*,        *

    Defendants        *
               ***

## MEMORANDUM OPINION

Self-represented plaintiff Robert D. Roberts, an inmate presently incarcerated at the Wicomico County Detention Center ("WCDC") in Salisbury, Maryland, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Scott Adams, Sheriff of Cecil County, Maryland, and Major Mary Allen, Director of the Cecil County Detention Center ("CCDC"). ECF No. 1. In the unverified complaint, Plaintiff alleges that during his pretrial detention at CCDC, he had limited access to the law library and necessary supplies, and the facility lacked case law request forms as well as trained staff. *Id.* at 3. He seeks an update of the CCDC library's services and monetary damages. *Id.* at 5. Plaintiff also filed a request for a writ of mandamus seeking his transfer from WCDC back to CCDC. ECF No. 11.

Defendants filed a motion to dismiss or, alternatively, for summary judgment. ECF No. 12. The court informed Plaintiff that, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the failure to file a response in opposition to the motion could result in the dismissal of the complaint. ECF No. 13. Plaintiff has filed nothing further.

Having reviewed the submitted materials, the court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Defendants' dispositive motion,

construed as a motion for summary judgment, will be granted. Plaintiff's request for a writ of mandamus shall be denied.

## BACKGROUND

Plaintiff claims that beginning in June 1, 2020, he was incarcerated at CCDC where he lacked "access to the law library, typewriters, ribbons, typing paper, adequate law books, law librarian, and/or someone familiar with law." Compl., ECF No. 1 at 4. In addition, Plaintiff alleges that case law request forms were not available, and the facility lacked staff who are "trained on pretrial rights." *Id.* at 3, 5. Plaintiff also claims that he requested grievance forms but received no response. *Id.* at 6-7.

Pursuant to the Cecil County Sheriff's Office Detention Center Policy, Plaintiff was issued a CCDC Inmate Manual ("Inmate Manual") upon his commitment to CCDC. *See* Policy No. D1125.1 ("A counselor shall ensure that each inmate has received a copy of the Detention Center Inmate Case Manual"), ECF No. 12-7. The version he received was last updated on December 18, 2019. *See* Inmate Manual, ECF No. 12-8.

Section 6.3 of the Inmate Manual, entitled "Legal Matters/Visits," provides that "Inmates may request copies of legal documents, case law, court opinions, briefs, and other legal research material through their Counselor by completing an Inmate Request Form listing the case numbers and other specifics." *Id.* at 17. A "Counselor" is defined as "a trained civilian employee assigned to an Inmate at Intake to serve as the Inmate's primary point of contact . . . ." *Id.* at 6. Inmates are also afforded the opportunity to request legal representation through the Public Defender's Office by "completing a Request for Public Defender form that may be obtained from an Officer or Counselor." *Id.* at 17. "An inmate may request to see or telephone a representative of the Office of the Public Defender at any time via the Inmate Request for Public Defender Form DC-1-4." CCDC Policy & Procedures, ECF No. 12-13. Moreover, "[a]ll requests by inmates for information

on legal statutes, case law, court opinions, briefs and other legal references or research materials must be made to the inmate's attorney or the inmate's Counselor." *Id.*

With regard to the CCDC Library, Section 6.8 of the Inmate Manual provides that "[t]he Facility maintains a lending library in cooperation with the Cecil County Public Library." ECF No. 12-8 at 19. The Inmate Manual reiterates that "[u]se of Legal Library materials is coordinated through Counselors," and directs that any inmate who wants to use the Legal Library "submit an Inmate Request Form for the day he/she wants to visit the Legal Library." *Id.* "Access to the Legal Library is available on Sunday and Monday only if it does not interfere with the orderly running of the facility." *Id.*

Counsel entered an appearance for Plaintiff on the day after his June 1, 2020, arrest and detention. *See State v. Roberts*, Case No. D-032-CR-20-000888 (Dist. Ct. for Cecil Cty.) & Case No. C-07-CR-20-000593 (Cir. Ct. for Cecil Cty.), ECF No. 12-5. According to Plaintiff's inmate base file, members of the Counseling Department submitted multiple formal requests on behalf of Plaintiff asking shift supervisors to give Plaintiff access to the law library. ECF No. 12-9. These requests are dated June 22, June 29, July 20, August 30, and September 14, 2020. *Id.* On September 3, 2020, Plaintiff refused to go to the law library. *Id.* at 7. The inmate base file also contains Inmate Request Forms submitted by Plaintiff seeking various items such as court forms, a prayer rug, and surveillance footage. ECF No. 12-8. Although Plaintiff's request for a copy of the security footage was denied, as it was not subpoenaed in relation to a case, his other requests were granted. *See id.*

Due to behavioral issues, including physically assaulting staff, Plaintiff was transferred to WCDC on October 2, 2020. Transfer Alert, ECF No. 12-4 at 31.

## STANDARD OF REVIEW

Defendants' dispositive motion is styled as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dep't, Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). Because Defendants have filed and relied on exhibits attached to their dispositive motion, which Plaintiff did not oppose, the motion will be treated as one for summary judgment.

Summary judgment is governed by Rule 56(a), which provides that in relevant part "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In analyzing a summary judgment motion, the court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th

Cir. 2002); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting former Fed. R. Civ. P. 56(e)). Because Plaintiff is proceeding *pro se*, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted).

## DISCUSSION

At all times relevant to the claims raised in the case, Plaintiff was a pretrial detainee in Cecil County, Maryland. Accordingly, his claims are analyzed under the Fourteenth Amendment. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001). Construed liberally, Plaintiff's complaint alleges a lack of access to courts. Defendants seek dismissal of the claim or, alternatively, summary judgment in their favor, arguing that: (1) Plaintiff failed to exhaust administrative remedies; (2) Plaintiff has failed to establish a constitutional violation; (3) there was no personal participation on the part of the named Defendants; and (4) Plaintiff's request for equitable relief is moot. ECF No. 12-1.

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However,

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating

5

capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996). Furthermore, the Fourth Circuit has held that local jails, designed for temporary detention, are generally not required to have a law library. *See Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). In addition, when a detainee is represented by counsel on his criminal case, he has access to the courts, and does not need any other avenue.

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis*, 518 U.S. at 355). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id.* at 399. Conclusory allegations are not sufficient in this regard. *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (denying access to court claim based on allegation that petition for a writ of certiorari had, for unspecified reasons, been dismissed and where plaintiff did not even mention the point on appeal).

Here, Plaintiff alleges that while at CCDC, he lacked access to the law library and necessary materials, and staff lacked legal education and training. Absent from Plaintiff's pleadings filed in this case, however, is any indication how Defendants' actions adversely impacted a viable claim. In any event, Plaintiff's inmate base file reflects that on several occasions, Plaintiff requested, and was granted, access to the CCDC law library. He also promptly received representation from the Office of the Public Defender following his arrest. *See Cruz v. Hauck*, 515 F.2d 322, 331-33 (5th Cir. 1975) (noting that "access to the courts may be satisfied either by

availability of legal materials, by counsel, or by any other appropriate device of the State"); *see also Trotman v. York County Detention Ctr.*, No. 0:03–438–13BD, 2003 WL 23198860, at *2 (D.S.C. May 15, 2003) ("Longstanding case law in this circuit provides that if a pre-trial detainee has an attorney . . . he or she has no constitutional right of access to a law library or to legal materials when he or she is a pre-trial detainee." (citing *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir.1978))). As there is no discernible injury suffered by Plaintiff and it does not appear that his right to access the courts has been infringed, summary judgment shall be granted in favor of Defendants.[1]

Plaintiff also filed a request for a writ of mandamus seeking his transfer from WCDC back to CCDC. Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this court has no mandamus jurisdiction over county or state employees, including the defendants in this case. *See generally Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, Plaintiff's request seeking mandamus relief shall be denied.[2]

## CONCLUSION

For the foregoing reasons, Defendants' motion, construed as a motion for summary judgment, is granted. Plaintiff's request for a writ of mandamus is denied.

A separate Order follows.

June 23, 2021                             /s/
                                          DEBORAH K. CHASANOW
                                          United States District Judge

---

[1] In light of the court's ruling, an analysis of Defendants' remaining arguments is not necessary.

[2] In any event, it is well established that prisoners do not have a constitutional right to demand to be housed in one facility rather than another absent a showing of significant hardship.